

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00033-CR

LAWRENCE DONOVAN                                                  APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION ON EN BANC RECONSIDERATION

----------

### Introduction

A majority of this court ordered en banc reconsideration of the court's prior opinion.  *See* Tex. R. App. P. 49.7.  We withdraw our opinion of July 26, 2012, and substitute the following in its place.

## Background Facts and Procedural History

In 2004, a grand jury indicted Appellant for aggravated sexual assault and indecency with a child. In 2006, Appellant pleaded no contest to injury to a child in exchange for five years' deferred-adjudication community supervision. The trial court specifically found Appellant not guilty of aggravated sexual assault and indecency with a child and granted his motion to expunge the records relating to those counts.[1] However, all three offenses arose out of the same underlying facts and alleged the same victim.

The trial court judge was replaced after the next election. In March 2008, his successor extended Appellant's community supervision and modified its terms to require that Appellant submit to an evaluation for sex-offender treatment and successfully complete the prescribed treatment. Appellant was not required to register as a sex offender. There is no record that Appellant objected to these terms at the time they were imposed.

In August 2008, Appellant first met with Michael Strain, an approved sex-offender-treatment provider, and began group-counseling sessions that

---

[1] The parties seem to agree that Appellant was not entitled to an expunction but that the expunction order has not been rescinded. *See* Tex. Code Crim. Proc. Ann. art. 55.01(c) (West Supp. 2013) (prohibiting expunction for person convicted or subject to prosecution for offense arising from same criminal episode as offense for which expunction sought). The State did not appeal the expunction order. *See, e.g., In re Expunction of Jones*, 311 S.W.3d 502, 504–05 (Tex. App.—El Paso 2009, no pet.) (discussing standard of review in State's appeal from trial court's grant of expunction petition under article 55.01).

September. On November 8, 2008, he was told that he was required to "admit the offense or pass a polygraph" to remain in the group. However, "probation was able to work it out with Mr. Strain for [Appellant's] return to group," and Appellant resumed participating in the treatment program approximately two weeks later. Strain testified that successful completion of the treatment program generally requires that participants meet thirty goals over a three-year period but that some goals may be waived to accommodate individual circumstances. For instance, the goal of admitting responsibility for a sex offense is commonly waived for persons on community supervision for non-sex offenses.[2] Strain testified that the trial court had instructed him not to require Appellant to admit that he had committed a sex offense. On November 17, 2008, the trial court added work-release confinement as a community-supervision condition. Appellant never objected to this condition.

On February 2, 2009, almost a year after the sex-offender conditions had been imposed, Appellant filed a motion to modify the conditions of his community supervision, asserting that the sex-offender-treatment requirements violated due process. There is no record, however, that Appellant presented his motion to the trial court or that the trial court ruled on it.

In his first year of treatment, Appellant completed eight treatment goals. On August 24, 2009, at a conference between the trial court, prosecutor,

_____

[2]Strain estimated that ten to fifteen percent of defendants in sex-offender treatment are not charged with sex offenses.

3

Appellant's counsel, Appellant's community-supervision officer, and Strain, all agreed that Appellant could meet the program goals without mentioning or admitting guilt for the expunged sex offenses. The trial court concluded that Appellant would not be required to admit responsibility for those offenses, but that he would be required to discuss the underlying facts leading to the expunged sexual offenses and to complete sex-offender treatment.

By February 2010, Appellant had completed eleven treatment goals. On February 3, 2010, Appellant told Strain that he would not discuss the expunged offenses during treatment sessions because it was illegal for him to do so. Strain's recollection of the trial court's instructions was that Appellant was not required to admit responsibility for the original charged offenses but not that it would be illegal to discuss them. He told Appellant that if it was illegal to discuss the sexual nature of the original charges, he was uncertain whether any useful treatment work could be done and, pending some clarification of the matter, he discontinued Appellant's treatment.

Appellant testified that his attorneys met with the trial court on February 8, 2010, and that the trial court indicated that it wanted to hear from the community-supervision department on the issue. Appellant stated he was "in a holding pattern" after this meeting. Appellant's community-supervision supervisor, Mayra Pinedo, testified that she repeatedly stressed to Appellant that while the matter was pending review he still would be held accountable for meeting his treatment goals by the two-year deadline. She further testified that she offered for him to

4

choose another approved provider so that he could complete the goals. Likewise, Appellant testified that Pinedo told him he "need[ed] to go to a different provider."[3] Appellant refused Pinedo's offer to attend treatment with another provider and did not attend any further treatment sessions before the two-year treatment deadline.

The State filed its petition to adjudicate on October 20, 2010, alleging that Appellant had violated his community supervision by not attending sex-offender treatment and not completing two-thirds of his treatment by the two-year deadline. Appellant's counsel conceded at the subsequent adjudication hearing that no timely objection had been made to the modified conditions and that Appellant had attempted to fully comply with them. The trial court granted the State's petition, adjudicated Appellant's guilt, revoked his community supervision, and sentenced him to four years' confinement.

## Discussion

In three points, Appellant contends his due-process rights were violated by the imposition of sex-offender conditions after he was convicted of a non-sex offense, relying on *Ex parte Evans*, 338 S.W.3d 545 (Tex. Crim. App. 2011). In *Evans*, the court of criminal appeals curtailed the availability of sex-offender

---

[3]The dissenting opinion argues that the assertion that Appellant's counsel were told Appellant could transfer to another provider is "not supported by the record and cannot, therefore, be considered." Dissenting Op. at 17. But both Pinedo and Appellant testified that Appellant was given the option to change providers. Appellant did not accept Pinedo's option because "it wouldn't matter." Clearly, Appellant was aware that the option to switch providers was available.

5

treatment for parolees convicted of non-sex offenses. Appellant concedes that *Evans* allows for situations in which a defendant can be required to attend and complete sex-offender treatment as a condition of community supervision or release. He appears to argue, however, that he was denied due process when the trial court modified his community supervision to require him to attend and complete sex-offender treatment and that he was only required to submit to these conditions because he had originally been charged with a sex offense. He stresses that the trial court found him not guilty of the originally charged sex offenses that were later expunged.

Most of Appellant's briefing and argument focuses on the trial judge's apparent displeasure with and reluctance to accept the fact that her predecessor granted Appellant an expunction. While the debate on the propriety and effect of the expunction, which all parties agreed Appellant was not entitled to, filled pages in the record and in the parties' briefs, this anomaly should not divert us from analyzing the question in this case. The expunction has no bearing whatsoever on whether Appellant preserved by objection any complaint about terms and conditions that were unarguably part of his community supervision.

Further, this curious history has no bearing on the dispositive issue in this case because whatever merit may lie in Appellant's contentions, *Evans* did not alter, nor does Appellant claim that it altered, the rules for preserving error. It is still the law in this state that a defendant may forfeit constitutional complaints by not raising them timely in the trial court. *Fuller v. State*, 253 S.W.3d 220, 232

6

(Tex. Crim. App. 2008), *cert. denied*, 555 U.S. 1105 (2009); *Alexander v. State*, 137 S.W.3d 127, 130–31 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding that a due-process complaint was forfeited by failure to assert it in the trial court).[4] To preserve error for appellate review, a party must make a timely and specific objection or motion at trial, and there must be an adverse ruling by the trial court. Tex. R. App. P. 33.1(a); *Aldrich v. State*, 104 S.W.3d 890, 894–95 (Tex. Crim. App. 2003).

In *Speth v. State*, the court of criminal appeals held that to complain about a community-supervision condition on appeal, an appellant must have first challenged the condition in the trial court. 6 S.W.3d 530, 534 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1088 (2000). Speth was originally placed on deferred-adjudication community supervision for aggravated assault on a peace officer and was later charged with indecency with a child. *Id.* at 531. Although the jury acquitted Speth on the indecency charge, the trial court adjudicated his guilt on aggravated assault based upon evidence admitted during the trial for indecency with a child and placed him on community supervision. *Id.* Despite

---

[4]Clearly, the dissent disapproves of the trial court's handling of this matter. And while the majority, too, may not agree with adding sex-offender conditions to community supervision for a non-sex offense absent notice, a hearing, and evidence proving that the conditions are reasonable, principles of judicial restraint, the rules of error preservation, this court's precedents, and those from the court of criminal appeals all compel us to resist the temptation to reach out and substitute our judgment for the trial court's on issues that—no matter how compelling—are not preserved for our review. *See Little v. State*, 376 S.W.3d 217, 220 (Tex. App.—Fort Worth 2012, pet. ref'd).

the acquittal for indecency with a child, the trial court ordered Speth to register as a sex offender, submit to polygraph testing, and refrain from contact with minor girls during the term of his community supervision. *Id.* at 531 & n.1. Speth did not object to these terms in the trial court but raised them on appeal, arguing their invalidity given his acquittal on the charge of indecency with a child. *Id.* at 531. He argued that the sex-offender terms amounted to a punishment that, given his circumstances, was unauthorized by law and that could be challenged for the first time on appeal. *Id.* The court of criminal appeals, though, held that unobjected-to conditions of community supervision are affirmatively accepted and that Speth had forfeited his claims because he failed to assert them in the trial court. *Id.* at 534.

In *Rickels v. State*, the court of criminal appeals recognized an exception to the general rule of error preservation it had relied upon in *Speth* when it held that the rule does not apply to a defendant who does not have an opportunity to object to the community-supervision condition in the trial court at the time the condition is imposed. 108 S.W.3d 900, 902 (Tex. Crim. App. 2003). In *Rickels*, the trial court modified a community-supervision condition without a hearing, and Rickels had no opportunity to object to this modification in the trial court. *Id.* Because Rickels never had a chance to object, the court of criminal appeals addressed the merits of his claim, even though he raised the issue for the first time on appeal. *Id.*; *see also Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim.

App. 1999) (stating when defendant does not have opportunity to object at sentencing hearing, a motion for new trial preserves error).

Here, the *Rickels* exception does not apply because the record shows that Appellant had the opportunity to object to the modified conditions. He and the trial judge both signed the conditions. Almost a year afterward, Appellant took steps to object to the conditions, filing a motion to modify, in which he contended that the conditions violated due process, but the record does not show that he ever presented his motion to the trial court or had it ruled on. The record does show, however, that Appellant's lawyers had a conference with the trial court after Appellant had complied with the conditions for over a year, and that during that conference the trial court agreed to waive the treatment goal of Appellant's admitting responsibility for a sex offense. Appellant's lawyers again met with the trial court after Appellant had complied with the community-supervision terms for approximately two years, and the trial court believed the community-supervision department should be contacted for further information. Moreover, at the adjudication hearing, Appellant's counsel announced ready and did not argue the issue they now present on appeal. And although counsel for Appellant mentioned in passing at the adjudication hearing that Appellant objected to "being labeled as a sex offender," he conceded that Appellant did not object to the conditions of having to submit to a sex-offender-treatment evaluation and to

9

complete the prescribed treatment.[5]   Further, at the conclusion of the adjudication hearing, counsel urged the trial court to maintain Appellant on community supervision and acknowledged that Appellant was bound to comply with the conditions if the trial court did so.

On rehearing, Appellant argues that two recent cases from the court of criminal appeals could provide a path to a result in his favor.  The first is *Leonard v. State*, 385 S.W.3d 570 (Tex. Crim. App. 2012).  Indeed, in many ways, the facts in *Leonard* align with the facts in this case.  Leonard was indicted for aggravated sexual assault, and appearing before the same trial judge that presided over this case, pleaded guilty to injury to a child in exchange for five years' deferred-adjudication community supervision.  *Id.* at 572.  The trial court ordered him to submit to sex-offender evaluation and treatment as a condition of his community supervision and Leonard enrolled in a treatment program with the same provider as Appellant did in this case.  *See id.* at 573.

But that is where the parallels end.

---

[5]Addressing the trial court at the adjudication hearing, counsel said:

[W]hen you ordered that Mr. Donovan go into sex offender treatment, there was no objection to that.  He attempted to do exactly what you asked him to do.  It seems that he was doing all right in that until the issue came up about the expunction. . . .

All we're saying is . . . tell us . . . how you want this finished, and let Mr. Donovan finish these goals so he can complete what you've asked him to do.  Even though we're – we really object to the fact that he is being labeled as a sex offender, let's put that aside for a moment and say help us . . . and then let him finish the probation.

The trial court ordered Leonard to submit to polygraph testing and show no deception during the tests. *Id.* at 572. When two polygraphs indicated deceit, Leonard was discharged from the program. *Id.* at 572–73. The State petitioned the trial court to adjudicate, alleging that Leonard had violated the polygraph condition and had failed to successfully complete sex-offender treatment. *Id.* The court of criminal appeals clearly set out the issue: "If the polygraph results were inadmissible, then the record would not contain a basis for [the treatment provider's] decision to discharge the appellant, and the trial court abused its discretion by adjudicating the appellant guilty." *Id.* at 577. The court of criminal appeals in *Leonard* did not address the issue of whether a defendant must object to conditions of community supervision at the earliest opportunity, and we decline to rely on a case reversing the same trial court on a different issue as a valid reason to disregard the law that applies to this case.

The second case relied on by Appellant is *Gutierrez v. State*, 380 S.W.3d 167 (Tex. Crim. App. 2012). Gutierrez was put on community supervision for possessing cocaine. *Id.* at 170. As a condition, the trial court ordered her to file for "appropriate legal status" and to "leave the country" if she failed to obtain legal status within twelve months of starting community supervision. *Id.* Gutierrez did not object to either condition. *Id.* After the trial court revoked her community supervision for violating the condition that she self-deport, Gutierrez complained for the first time on appeal that the condition violated the Supremacy Clause of the United States Constitution. *Id.* at 171. Although the State conceded that the

11

trial court lacked authority to order self-deportation as a condition of community supervision, it argued that, under *Speth*, Gutierrez had procedurally defaulted her claim because she had not objected to the condition when it was first imposed. *Id.* (citing *Speth*, 6 S.W.3d at 534).

The court of criminal appeals did not retreat from its holding in *Speth* but distinguished its facts (which are on-point with the facts in this case) from those in *Gutierrez*, which involved a defendant having bargained for something that the trial court had no authority to impose. *See id.* at 174–75. The court reasoned:

> We are not inclined to read *Speth* so categorically as to hold that a defendant may not complain for the first time on appeal of a condition of probation which violates an absolute prohibition . . . . This is not to say that a defendant will not forfeit many, if not most, appellate complaints—even most constitutional complaints—about particular conditions of community supervision by failing to object at trial, or that he will not effectively waive any constitutional or statutory waiver-only right that might be violated by a condition of community supervision he has agreed to follow in his contractual relationship with the trial court. But he cannot agree to submit to a condition of community supervision that the criminal justice system simply finds intolerable and which is therefore, by definition, not even an option available to the parties.

*Id.* at 175–76 (footnote omitted).

As in *Speth*, the conditions that the trial court imposed in this case do not rise to the level of being an "intolerable" invasion of federal prerogative in violation of the Supremacy Clause as was the case in *Guiterrez*. *See id.* at 176. The compelling argument that prevailed in *Gutierrez* does not apply to the facts before us in this case.

12

Because the record shows that Appellant did not object to the complained-of conditions by pursuing his motion to amend as a prerequisite to filing an application for writ of habeas corpus[6] or by presenting written objections to the trial court at any point between the time the conditions were imposed and the adjudication hearing—despite his being well represented by counsel and having multiple opportunities to do so—we hold that Appellant has forfeited his claims for review.  *See, e.g.*, *Stacks v. State*, No. 06-08-00157-CR, 2009 WL 78141, at *1–2 (Tex. App.—Texarkana Jan. 14, 2009, no pet.) (mem. op., not designated for publication) (collecting cases and holding that complaints regarding community-supervision conditions must be raised in timely appeal after conditions imposed).[7]  Accordingly, we overrule all of Appellant's points and

---

[6]*See* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(b) (West Supp. 2013).

[7]We disagree with the concurring and dissenting opinion that we must reach the merits of Appellant's argument that "the trial court abused its discretion by revoking his community supervision for failure to attend and complete a sex-offender treatment program that required him to discuss and admit to sex offenses of which he had been found not guilty and that had been expunged." Concurring & Dissenting Op. 9.  Appellant did not argue in his brief that the trial court abused its discretion in revoking his community supervision; rather, Appellant argued that the terms and conditions violated his rights to due process. Indeed, Appellant's argument focuses entirely on the due-process implications of the imposition of sex-offender conditions on a non-sex offense:  "The issue is, when should Sex Offender Treatment be required for non-sex offenders? *Evans* helps answer that question."  The concurring and dissenting opinion agrees that "Appellant forfeited any challenge to the trial court's imposition of the sex-offender-treatment condition to his community supervision."  Concurring & Dissenting Op. 1.  Because that is the only claim Appellant raised and substantively argued in his brief, our inquiry must end.  *See* Tex. R. App. P. 38.1(i); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) ("It is

affirm the trial court's judgment. *See Rickels*, 108 S.W.3d at 902, *Speth*, 6 S.W.3d at 534; *see also Beatty v. State*, No. 01-08-00335-CR, 2010 WL 2133870, at *11 (Tex. App.—Houston [1st Dist.] May 27, 2010, pet. ref'd) (mem. op., not designated for publication); *Harrison v. State*, No. 05-08-01362-CR, 2009 WL 3631820, at *3 (Tex. App.—Dallas Nov. 4, 2009, pet. ref'd) (not designated for publication).

Finally, we address the dissenting opinion's conclusion that a new trial is warranted because the trial court abused its discretion in more than one instance. Dissenting Op. at 16-17. Appellant's only argument is that his due-process rights were violated when the trial court imposed sex-offender community-supervision conditions for a non-sex offense. Many of the dissenting opinion's bases for an abuse-of-discretion finding were not raised by Appellant on appeal. As such, we may not "reach out and reverse the trial court on an issue that was not raised." *State v. Bailey*, 201 S.W.3d 739, 744 (Tex. Crim. App. 2006).

---

incumbent upon counsel to cite specific legal authority and to provide legal argument based upon that authority.").

## Conclusion

Having overruled all of Appellant's points, we affirm the trial court's judgment.

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

EN BANC

PUBLISH

DAUPHINOT, J., filed a dissenting opinion.

WALKER, J., filed a concurring and dissenting opinion in which GARDNER, J., joins.

DELIVERED:  March 13, 2014