**MODIFY and AFFIRM; and Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00530-CR
### No. 05-13-00536-CR

### JOEL DERVIN WILLIS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 1
### Dallas County, Texas
### Trial Court Cause Nos. F11-26322-H & F11-26316-H

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Fillmore

The trial court granted the State's motions to adjudicate, found Joel Dervin Willis guilty of two offenses of aggravated sexual assault of a child, and assessed punishment of fifteen years' imprisonment in each case. In his first issue, Willis contends the trial court improperly considered evidence that Willis failed two polygraph examinations in determining his punishment, resulting in sentences that are grossly disproportionate to the crimes and inappropriate to the offender. In two additional issues, Willis asserts the judgments should be modified to reflect he pleaded true to the State's allegations without the benefit of plea bargains. In a "cross-point," the State requests the judgments also be modified to reflect that Willis is required to register as a sex offender and his victim was twelve years old. As modified, we

affirm the trial court's judgments. We issue this memorandum opinion because the law to be applied in this case is well settled. *See* TEX. R. APP. P. 47.4.

## Background

In each case, Willis pleaded guilty to the charge he sexually assaulted his granddaughter, who was younger than fourteen years of age at the time of the offense. Pursuant to Willis's plea bargain agreements, the trial court deferred an adjudication of guilt and placed Willis on deferred adjudication community supervision for ten years for each offense.

The State filed a motion to adjudicate guilt in each case, alleging Willis violated the conditions of his community supervision by failing to refrain from contact with any child seventeen years of age or younger, failing to participate in counseling through an approved registered sex offender treatment provider, and failing to pass a clinical polygraph at least once every twelve months or as directed by a therapist or supervision officer. In cause number F11-26322-H, the State also alleged Willis violated the conditions of his community supervision by failing to pay court costs and fines. In cause number F11-26316-H, the State's motion contained the additional allegations that Willis violated the conditions of his community supervision by failing to pay fees for community supervision, the Crime Stoppers' program, urinalysis, and the Sex Offender Fund. In each case, Willis entered an open plea of true to all the State's allegations.

The State rested after the trial court admitted into evidence Willis's judicial confessions and stipulations that he committed the alleged violations of the conditions of his community supervision. Willis testified during his case-in-chief. As relevant to this appeal, Willis agreed with his counsel that he had done a "really poor job" with regard to his probation and that it had not "gone well" with regard to "sex education classes, polygraphs, and all that." Willis's counsel then asked:

Now, you understand in this situation, they've alleged failure to – or some bad polygraph results, and you are being removed from the sex offender's education class; you understand that?

Willis responded, "Yes, sir." During the State's cross-examination of Willis, the following exchange occurred:

Prosecutor: Yet you've continued to fail two polygraphs in the last two months, right?

Willis: Right.

Prosecutor: And you failed those two polygraphs because you're having contact with minor children, right?

Willis: I had a – a contact with a neighbor kid that road [sic] her bike up and down the street, and she stopped by and – and asked, you know my name and all that. I told her. I don't want to be rude because the lady – she's a nice lady that – that lives there and has this little girl that comes and stays with her some times.

Willis did not object to the prosecutor's questions.

The trial court adjudicated Willis guilty of both offenses and assessed punishment of fifteen years' imprisonment in each case.

## Adjudication of Guilt

In his first issue, Willis asserts the trial court erred by adjudicating his guilt "because the Court considered inadmissible evidence that Willis failed several polygraphs which resulted in a sentence that is grossly disproportionate to the crime and inappropriate to the offender." Willis first argues the trial court erred by admitting evidence that Willis failed two polygraph examinations.[1] To preserve error for appellate review, a party must make a timely request,

---

[1] In support of this argument, Willis relies on *Leonard v. State*, 385 S.W.3d 570 (Tex. Crim. App. 2012) (op. on reh'g). In *Leonard*, one condition of the defendant's community supervision was that he submit to polygraph testing and show no deception during the tests. *Id.* at 572. As relevant to this case, the State moved for an adjudication of guilt based on the defendant allegedly violating the terms of his community supervision by showing "significant criteria indicative of deception" during a polygraph examination and by failing to successfully complete sex-offender treatment. *Id.* at 572–73. During the hearing on the State's motion to adjudicate, the trial court overruled the defendant's objection that the results of polygraph examinations were unreliable and, therefore, inadmissible. *Id.* at 573. A psychotherapist then testified the defendant had been discharged from a sex offender treatment program because he had failed a number of polygraph examinations, indicating he was engaged in "secret keeping." *Id.* As relevant to this appeal, the court of criminal appeals concluded a condition of community supervision that required the defendant to "show no deception" on a polygraph examination did not present a sufficient basis to compel the admission of polygraph results. *Id.* at 582–83. Unlike this case, the defendant in *Leonard* preserved error in the admission of the results of the polygraph examinations by timely objecting in the trial court and obtaining a ruling. *See* TEX. R. APP. P. 33.1(a); *Donovan v. State*, No. 02-11-00033-CR, 2014 WL 975728, at *4–

objection, or motion to the trial court that "state[s] the grounds for the ruling . . . sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *Willis v. State*, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989) (defendant waived error in mention of polygraph examination by failing to make timely and specific objection), *overruling on other grounds recognized by Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010); *Jasso v. State*, 112 S.W.3d 805, 813 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (defendant waived objection to testimony about polygraph examination by failing to make timely objection); *see also Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2010) (op. on reh'g) ("results of polygraph examinations are inadmissible *over proper objection*" (emphasis added)).[2] Willis not only raised the issue of the failed polygraph examinations on direct examination, but failed to object when the prosecutor questioned him about the two polygraph examinations. Therefore, Willis has not preserved his complaint for appellate review. *See Willis*, 785 S.W.2d at 384; *Jasso*, 112 S.W.3d at 813.

Willis also argues the trial court's consideration of the evidence that Willis failed two polygraph examinations led to the imposition of sentences that were disproportionate to the crime and cruel or unusual punishment, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Willis did not complain about the sentences either at the time they were imposed or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Casteneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Therefore, he has not preserved this argument for appellate review.

---

5 (Tex. App.—Fort Worth Mar. 13, 2014, pet. granted) (en banc) (concluding *Leonard* did not control when defendant failed to object to conditions of community supervision at earliest opportunity).

[2] *See also Hawkins v. State*, No. 05-09-00816-CR, 2011 WL 168603, at *2 (Tex. App.—Dallas Jan. 20, 2011, no pet.) (mem. op., not designated for publication) (defendant waived complaints regarding admission of results of polygraph examination by failing to timely object in trial court each time results of examination were referenced during testimony).

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Aggravated sexual assault of a child younger than fourteen years of age is a first-degree felony punishable by imprisonment for life or for any term of not more than ninety-nine years or less than five years. *See* TEX. PENAL CODE ANN. §§ 12.32(a) (West 2011); 22.021(a)(1)(B), (a)(2)(B),(e) (West Supp. 2014). Willis's fifteen-year sentences are within the statutory punishment range.

We resolve Willis's first issue against him.

### Modification of Judgments

In his second and third issues, Willis requests that we modify the judgment in each case to reflect he entered the pleas of true without the benefit of plea bargains. The State agrees the judgments should be modified to reflect Willis entered open pleas of true and requests in a "cross-point" that we also modify the judgments to reflect Willis is subject to sex offender registration requirements and his victim was twelve years old.

We may modify a trial court's written judgment to correct a clerical error when we have the necessary information before us to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we resolve Willis's second two issues in his favor and modify the trial court's judgments to reflect Willis pleaded true without the benefit of plea bargains. We further modify the trial court's judgments to reflect Willis is subject to sex offender registration requirements. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A), 62.051(a) (West Supp. 2013). However, the appellate record reflects that the evidence before the trial court when Willis pleaded guilty and was placed on deferred adjudication and when Willis

was adjudicated guilty established only that Willis's victim was younger than fourteen years of age.[3]  Accordingly, we further modify the judgments to reflect that Willis's victim was younger than fourteen years of age at the time of the offenses.

As modified, we affirm the trial court's judgments.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130530F.U05

---

[3] During the hearing on the State's motion to adjudicate guilt, the trial court took judicial notice of Willis's "probation file."  That file is not in the appellate record.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOEL DERVIN WILLIS, Appellant

No. 05-13-00530-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas,
Trial Court Cause No. F11-26322-H.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Stoddart
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment titled "Terms of Plea Bargain" that states "15 YEARS TDCJ" is modified to state "Open."

The section of the judgment that states "Sex Offender Registration Requirements do not apply to the Defendant" is modified to state "Sex Offender Registration Requirements apply to the Defendant."

The section of the judgment that states "The age of the victim at the time of the offense was N/A" to state "At the time of the offense, the victim was younger than fourteen years of age."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOEL DERVIN WILLIS, Appellant

No. 05-13-00536-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas, Trial Court Cause No. F11-26316-H. Opinion delivered by Justice Fillmore, Justices FitzGerald and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The section of the judgment titled "Terms of Plea Bargain" that states "15 YEARS TDCJ" is modified to state "Open."

> The section of the judgment that states "Sex Offender Registration Requirements do not apply to the Defendant" is modified to state "Sex Offender Registration Requirements apply to the Defendant."

> The section of the judgment that states "The age of the victim at the time of the offense was N/A" to state "At the time of the offense, the victim was younger than fourteen years of age."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.