**Opinion filed July 28, 2016**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-14-00301-CR

_____

**ELGIN HARNESS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 18369B**

**M E M O R A N D U M   O P I N I O N**

Elgin Harness[1] pleaded guilty in February 2012 to aggravated assault. TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011). The trial court deferred a finding of guilt, placed Appellant on deferred adjudication community supervision for a term

---

[1]We note that Appellant's name as reflected in the charging instrument is Elgin Harness but that the judgment reflects his name to be Elgin Christopher Harness.

of five years, and assessed a fine of $1,000. Five weeks later, Appellant's community supervision officer requested that the conditions of Appellant's community supervision be amended. The trial court amended the conditions of community supervision to include a requirement that Appellant attend therapy for sex offenders.

In July 2014, the State filed a motion to proceed with an adjudication of guilt, alleging twenty-three violations of the terms and conditions of Appellant's community supervision. Appellant pleaded "true" to twenty-two of the alleged violations. The trial court adjudicated Appellant guilty of the charged offense and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twelve years. In two issues on appeal, Appellant argues that the trial court violated his due process rights and abused its discretion when it amended the original conditions of community supervision to include the requirement that Appellant receive sex offender treatment. We affirm.

*Background Facts*

Appellant was charged with intentionally and knowingly causing serious bodily injury to A.C. by causing his male sexual organ to penetrate her female sexual organ without her consent at a time when he knew A.C. was unconscious or physically unable to resist. Appellant pleaded guilty to the offense in February 2012. He executed a stipulation of evidence admitting to these facts as a part of his guilty plea. At the request of Appellant's community supervision officer, the trial court subsequently amended Appellant's community supervision terms in March 2012 to include: "Attend and participate in therapy for sex offenders at the direction of the Taylor County Community Corrections and Supervision Department."

2

Appellant entered a plea of "true" to twenty-two of the alleged violations, four of which were violations of his requirement to attend and participate in therapy for sex offenders. Appellant initially attended sex therapy classes. However, he stopped attending because he thought the classes were not helpful to him. Appellant admitted at his revocation hearing that he should have continued attending the classes.

*Analysis*

In two issues on appeal, Appellant challenges the trial court's requirement that he attend sex offender treatment as a term and condition of community supervision. He contends that the trial court improperly imposed this requirement two years prior to the filing of the motion to adjudicate. Based upon his contentions, he asserts that the violations of the sex offender treatment condition "played a significant role" in the revocation of his community supervision and that we should require the trial court to reinstate his community supervision without these conditions. We conclude that Appellant has not preserved his complaints for appellate review.

We note at the outset that Appellant has not challenged the trial court's findings of "true" on the eighteen other grounds that were alleged in the motion to adjudicate guilt. In this regard, Appellant pleaded "true" to all of these other alleged violations. The other alleged violations to which Appellant pleaded "true" included using various controlled substances while on community supervision, failing to take requested drug tests, failing to report to the community supervision officer, failing to abide by curfew, and failing to make required payments. In announcing its decision to adjudicate Appellant guilty, the trial court included these other grounds as a basis for revoking Appellant's deferred adjudication community supervision.

The decision to proceed with an adjudication of guilt of a defendant on deferred adjudication community supervision is reviewable in the same manner as a

3

revocation of "ordinary" community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2015). We review an order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The violation of a single condition is sufficient to support a revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Furthermore, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). To prevail on appeal, an appellant must ordinarily successfully challenge all of the trial court's findings that support revocation. *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

In his first issue, relying on *Ex parte Evans*, 338 S.W.3d 545 (Tex. Crim. App. 2011), Appellant contends that his due process rights were violated by the imposition of sex offender conditions after he was convicted of a nonsexual offense. In *Evans*, the Court of Criminal Appeals limited the availability of sex offender treatment for parolees convicted of nonsexual offenses. *Id.* at 550–51. However, Appellant never objected to the trial court on the ground that the modified community supervision condition violated his due process rights.

The Fort Worth Court of Appeals addressed a similar situation in *Donovan v. State*, ___ S.W.3d ___, 2014 WL 975728, at *3 (Tex. App.—Fort Worth Mar. 13 2014) (not yet released for publication), *aff'd*, 2015 WL 4040599 (Tex. Crim. App. July 1, 2015) (not designated for publication). Based upon *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999), the Fort Worth Court of Appeals determined that the appellant did not preserve error because he did not present his complaint about

the imposition of a condition of community supervision to the trial court. *Id.* In *Speth*,[2] the Court of Criminal Appeals held that, to complain about a community supervision condition on appeal, an appellant must have first challenged the condition in the trial court. 6 S.W.3d at 534–35. The court stated as follows:

> [C]onditions not objected to are affirmatively accepted as terms of the contract. Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract. A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable. A trial objection allows the trial court the opportunity to either risk abusing his discretion by imposing the condition over objection or reconsider the desirability of the contract without the objectionable condition.

*Id.* (footnotes omitted).

We agree with the holding in *Donovan* and hold that Appellant was required under *Speth* to present his complaint regarding the sex offender treatment condition to the trial court in order to preserve his complaint on appeal. A defendant may forfeit constitutional complaints by not raising them timely in the trial court. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). To preserve error for appellate review, a defendant must make a timely and specific objection or motion at trial, and there must be an adverse ruling by the trial court. TEX. R. APP. P. 33.1(a); *Aldrich v. State*, 104 S.W.3d 890, 894–95 (Tex. Crim. App. 2003).

Appellant did not object to the trial court's modification requiring sex offender treatment. Instead, Appellant accepted the modification by participating in sex offender treatment for almost two years. Appellant simply stopped going

---

[2]*Speth* also involved the subsequent imposition of sex offender conditions on a defendant placed on deferred adjudication community supervision for a nonsexual offense. 6 S.W.3d at 531.

because he felt that it was not helping. At the revocation proceeding, Appellant stated he should have continued his classes and "kept my mouth closed." Appellant asked for his community supervision to be reinstated but, notably, did not ask for the sex offender requirements to be removed or modified. Appellant never asserted a due process violation to the trial court. Accordingly, Appellant did not preserve his due process claim for appellate review. *See Speth*, 6 S.W.3d at 534; *Donovan*, 2014 WL 975728, at *5. We overrule Appellant's first issue.

In his second issue, Appellant argues that the trial court abused its discretion when it modified Appellant's community supervision condition requiring him to attend therapy for sex offenders. As was the case with his due process complaint, Appellant did not preserve this complaint for appellate review because he never asserted it to the trial court. *See Speth*, 6 S.W.3d at 534; *Donovan*, 2014 WL 975728, at *5. Moreover, trial courts possess broad discretion to modify, revoke, or continue the community supervision of defendants who are placed on community supervision. CRIM. PROC. art. 42.12, § 11(a); *Sundwall v. State*, No. 11-12-00141-CR, 2014 WL 1030689, at *2 (Tex. App.—Eastland Mar. 14, 2104, no pet.) (mem. op., not designated for publication). When the trial court announced its decision to adjudicate Appellant guilty, it stated that it had imposed the sex offender treatment condition because "the manner and means that [Appellant] used to commit this aggravated assault was penetrating the female sexual organ of [A.C.] without her consent . . . [and] was very consistent with a sex offense." Accordingly, the record does not reflect that the trial court abused its discretion by imposing sex offender treatment as a condition of Appellant's community supervision. We overrule Appellant's second issue.

Appellant has not preserved error on his complaints that the trial court improperly imposed sex offender treatment as a term and condition of his deferred adjudication community supervision. Furthermore, he has not shown that the trial court abused its discretion in revoking his deferred adjudication community supervision on any of the grounds that the trial court found to be "true."

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


July 28, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.