

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00176-CR

_____

KENDRA PHILLIANA MAXION, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1398848D

Dissenting and Concurring Memorandum Opinion on Rehearing by Justice Gabriel

**DISSENTING AND CONCURRING
MEMORANDUM OPINION ON REHEARING**

I respectfully dissent from the majority's determination on rehearing that the reparations amount attributable to community-supervision fees[1] must be deleted from the judgment because it is not supported by the record. Not only did appellant Kendra Philliana Maxion not argue on appeal that the probation fees converted to reparations were not supported by the record or otherwise argue that she did not owe the probation fees, but the record sufficiently supports this portion of the judgment as this court has previously held. To follow the majority's holding would, in practical effect, overrule our prior holdings approving of similar reparation orders, which leads me to dissent to the majority's decision to overrule the State's motion for en banc reconsideration as moot.

On appeal, Maxion raised a distinct argument: "The trial court violated [Maxion's] right to due process when it imposed probation fees as 'reparations' in the judgment." In support of her argument, Maxion contended only that probation fees can never be categorized as reparations and recognized that this court has held the exact opposite. Indeed, she conceded that her attack on the due-process limits of probation fees being charged as reparations "is presented here to preserve it for further review." The majority agrees and holds, "We have repeatedly rejected this argument, and we decline to reexamine the argument here."

---

[1]As does the majority, I will refer to these as "probation fees."

But the majority continues and sua sponte raises a "subsidiary question" it believes is fairly included within Maxion's narrowly briefed argument: Maxion did not owe the fees based on a conflict between the trial court clerk's bill of cost and the community supervision and corrections department's (CSCD) balance sheet. Maxion does not argue on appeal that she in fact did not owe the probation fees. She does not argue that the trial court clerk's bill of cost irreconcilably conflicted with the CSCD balance sheet, requiring modification of the judgment. She does assert that there was no evidence that she did not pay the Crime Stoppers fee, which required deletion of the $15 "DUE TO CSCD."[2] But Maxion clearly does not argue that at the time she was adjudicated, she did not owe fees to CSCD based on the trial court clerk's bill and the CSCD balance sheet. The majority stretches Maxion's mention of the permissible character of probation fees upon revocation to encompass a challenge to the owed probation fees, which the majority sua sponte raises and then deems to be fairly included. The State did not understand Maxion to be raising an argument directed to the accuracy of the judgment in light of the bill of cost and the CSCD balance sheet. It solely addressed the issue as one challenging the authority to

---

[2]The State concedes on appeal that the $15 must be deleted from the trial court's judgment based on this court's precedents, and I concur in this portion of the majority's opinion. *See Lewis v. State*, 423 S.W.3d 451, 461 (Tex. App.—Fort Worth 2013, pet. ref'd).

consider owed probation fees to be reparations upon revocation and adjudication.[3]  In short, the State was not put on notice that the fact of the fee was at issue.  *Cf. Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR, 2017 WL 2276751, at *3 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication) (recognizing argument that probation fees may not be included as reparations separate from argument that State did not prove amount of probation fees owed).

Although we are to liberally construe briefs, an appellant must direct our attention to the error about which complaint is made.  *See* Tex. R. App. P. 38.1(f), 38.9; *Ruiz v. State*, 293 S.W.3d 685, 691 (Tex. App.—San Antonio 2009, pet. ref'd); *Judd v. State*, 923 S.W.2d 135, 139 (Tex. App.—Fort Worth 1996, pet. ref'd).  At no point does Maxion argue that the bill of cost, the CSCD balance sheet, and the judgment conflict, rendering the probation fees converted to reparations in the final judgment uncollectable.[4]  I believe the majority's making Maxion's substantive argument for her goes beyond liberal construction and strays dangerously close to advocacy.  *Cf. Cantu v. Cantu*, 556 S.W.3d 420, 435 (Tex. App.—Houston [14th Dist.]

---

[3]Of course, the State on rehearing addresses the bill of cost and the CSCD balance sheet in detail, but the argument was not part of either the State's or Maxion's original briefing.

[4]Indeed, Maxion does not cite or refer to the trial court clerk's bill of cost other than to say the challenged fees should be deleted from it.  She certainly does not undertake an accounting analysis of the bill of cost and the CSCD balance sheet as does the majority.

2018, no pet.) ("We could not address this complaint without making arguments on Rick's behalf, a role the court as neutral arbiter does not undertake.").

And that is my issue with the majority's approach. Where will the reach of liberal construction end? Will a briefing reference to "error in the judgment" fairly include any challenge to the verdict or sentence? Could an appellant later complain that we did not go far enough in identifying an error that she did not raise? The danger of raising, briefing, and determining issues that the parties have not is clear, and I dissent to the majority doing so.[5] *See, e.g.*, *State v. Bailey*, 201 S.W.3d 739, 743–44 (Tex. Crim. App. 2006) ("While [appellate rule 38.9(b)] gives the appellate courts some discretion in remedying 'substantive defects' in parties' briefs, it does not allow the court of appeals to reach out and reverse the trial court on an issue that was not raised."); *Donovan v. State*, 508 S.W.3d 351, 358 (Tex. App.—Fort Worth 2014) (en banc op. on reconsideration) (quoting *Bailey*), *aff'd*, No. PD-0474-14, 2015 WL 4040599 (Tex. Crim. App. July 1, 2015) (not designated for publication).

The majority relies on evidentiary contradictions it independently identified in the bill of cost and the CSCD balance sheet to support its conclusion that the reparations amount must be deleted from the trial court's judgment. But

---

[5]I recognize that in some instances we are allowed to modify the judgment to reflect what actually happened in the trial court, such as when the judgment includes a fine that was not orally pronounced. *See, e.g.*, *State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011). But I believe a court goes too far when it identifies an issue, determines the legal import of that issue, distinguishes other authorities that seem to conflict with the legal conclusion, and assigns an appropriate remedy, all in the absence of briefing.

contradictory evidence should be evidence identified by the party seeking to challenge the fact of the fee, not by the court. *See, e.g.*, *Hill v. State*, No. 02-17-00088-CR, 2017 WL 3821898, at *1 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op., not designated for publication) (noting appellant challenged reparations and specifically argued that "the record contains contradictory documents [regarding] probation fees" owed, which the State conceded rendered the evidence insufficient to support the reparations amount because no evidence showed Hill did not pay probation fees); *Strother v. State*, No. 14-12-00599-CR, 2013 WL 4511360, at *3 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, pet. ref'd) (mem. op., not designated for publication) (pointing out Tarrant County CSCD balance sheet showed probation fees owed and holding reparation attributable to outstanding probation fees supported by record because "Strother offered no evidence to contradict the balance sheet or to otherwise call into doubt the reliability of the information in that document"). Again, Maxion does not attack the reliability of the CSCD balance sheet or argue that she did not owe probation fees at the time she was revoked.

Even if appropriately raised for our review, I disagree with the majority that the record conflicts on the amount of reparations owed, mandating that Maxion cannot be ordered to pay the amount attributable to unpaid probation fees. The trial court's March 28, 2018 judgment noted that $0.00 was owed for court costs but included a special finding of $555 in reparations. The trial court clerk's bill of cost, which was certified the same day as the judgment, tracked the judgment and noted $0.00 owed

6

for court costs. The CSCD balance sheet, which was created six days later on April 3, shows that Maxion owed $555 in administrative financial obligations, $540 of which was for probation fees. The CSCD balance sheet also reflects that these amounts had been categorized as reparations. The trial court clerk's list of fee breakdowns, which is also dated April 3, shows no probation fees remaining and does not otherwise include them in the list of fees.

The majority relies on the trial court clerk's bill of cost to contradict the CSCD balance sheet. But the bill of cost was relevant only to "Court Costs adjudged against the Defendant," not reparations. Probation fees were not a cost of court when the bill was certified; they had been ordered as reparations.[6] *Cf. Ayala v. State*, No. 02-17-00385-CR, 2018 WL 2727954, at *1 (Tex. App.—Fort Worth June 7, 2018, no pet.) (mem. op., not designated for publication) ("Because these [probation] fees were characterized as reparations in CSCD's balance sheet, the clerk's fee-breakdown list correctly noted that there were no amounts due as fees."). I recognize that we have also held that a bill of cost combined with a CSCD balance sheet is sufficient to support a reparations amount. *See, e.g., Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd)

---

[6]Even if reparations were a court cost, which they were not, the court of criminal appeals has held that "a specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs are supported by facts in the record." *Johnson v. State*, 423 S.W.3d 385, 395 (Tex. Crim. App. 2014). Thus, a bill of cost is not conclusive on the fact of a court cost.

(mem. op., not designated for publication). But that does not mean that both are required. *See Smith*, 2017 WL 2276751, at *3 (finding CSCD balance sheet sufficient evidence to support reparations amount in the absence of a challenge to the fact of the fees owed). I believe that by viewing the evidence here in the light most favorable to the ordered reparations, the amount attributable to probation fees is supported by sufficient evidence. This is especially true here because Maxion does not challenge the ordered amount or the CSCD balance sheet.

Finally, I disagree with the majority's decision to overrule the State's motion for en banc reconsideration as moot. In its discussion of *Smith* and the appropriate quantum of proof for the fact of probation fees, the majority implicitly overrules our express holding in *Smith*. I believe such a determination must be made by this court sitting en banc. *Accord In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663 (5th Cir. 2012) (recognizing rule forbidding one panel of three judges to overrule or disregard precedent established by prior decisions).

The majority recognizes that in *Smith*, we held that the absence of evidence contradicting the amount owed in the CSCD balance sheet rendered the balance sheet sufficient to support the amount of probation fees listed. 2017 WL 2276751, at *4. The majority then states that the clerk's record in *Smith* showed "that the bill of costs did not list any probation fees, that the CSCD balance sheet reflected probation fees of $1,085 as reparations, and that the list of fee breakdowns reflected $0 in probation fees remaining." None of this evidence was mentioned in our *Smith* opinion and,

8

therefore, presumably was not relevant to our determination of the sufficiency of the evidence to support the ordered reparations.[7] We should not reach behind our decision and rely on record evidence that was not expressly discussed as supporting our holding, nor should we go outside the record in this case.[8] *See Kaman v. State*, 923 S.W.2d 129, 132 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (op. on reh'g).

In any event, the bill of cost and the CSCD balance sheet in *Smith* are the same as the bill of cost and the CSCD balance sheet here—the bill does not reflect any probation fees owed and the balance sheet reflects an amount owed for probation fees converted to reparations. I respectfully believe the majority necessarily has to overrule *Smith*'s express holding that "in the absence of contradicting evidence showing that appellant did not owe the reparations or had already paid them, the CSCD balance sheet contained in the record is sufficient to support the reparations." 2017 WL 2276751, at *3. Again, Maxion does not argue that she did not owe the amount of reparations ordered, and the CSCD balance sheet shows that she owed $540 in probation fees as reparations. According to the express holding in *Smith*, that

---

[7]Indeed, we did not address the contents of the bill of cost at all.

[8]In its discussion of *Ayala v. State*, the majority notes that the bill of cost did not "list probation fees." This court in *Ayala* did not refer to the bill of cost and relied on the CSCD balance sheet and the State's concession to determine the supported amount of probation fees. 2018 WL 2727954, at *1. As such, the contents of the bill of cost in *Ayala* were not a part of our decision in that case and should not be used to harmonize or distinguish it from this case.

9

is all that is necessary to support that amount of reparations in the judgment in the absence of an argument that the fees were not in fact owed. *See id.*

In sum, I agree with the majority that the amount identified on the CSCD balance sheet solely as being "DUE TO CSCD"—$15—must be deleted from the judgment and the incorporated order to withdraw funds. I concur in this portion of the court's judgment. But I disagree that the remaining reparations amount—$540—cannot be collected because of an alleged conflict with the trial court clerk's cost bill or with the fee-breakdown list. Maxion does not argue that this portion of the ordered reparations in the judgment is factually incorrect or that she did not owe any probation fees upon revocation. Further, the bill of cost is not determinative of the supported amount of reparations; the CSCD balance sheet and Maxion's failure to challenge the fact of the fee are sufficient to support these reparations. *See Smith*, 2017 WL 2276751, at *3. And as I noted earlier, when the fee-breakdown list was prepared, the probation fees had been converted to reparations and were not required to be included on a list of fees. I dissent to this portion of the court's judgment. I also disagree with the majority's decision to deny the State's motion for en banc reconsideration as moot in light of the fact that the majority implicitly overrules a prior holding of this court.

10

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 4, 2019

11