**Affirmed and Memorandum Opinion filed December 15, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00600-CR

---

**PHI VAN DO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Cause No. 2130699**

---

## MEMORANDUM OPINION

On remand from the court of criminal appeals, we address appellant's issue 5, the sole remaining issue in this case, in which appellant asserts the trial court did not consider his ability to pay fines and costs imposed as conditions of community supervision. *See Do v. State*, 629 S.W.3d 307 (Tex. App.—Houston [14th Dist.] 2020), *rev'd*, 634 S.W.3d 883 (Tex. Crim. App. 2021).

Generally, an objection in the trial court is required to preserve error with regard to conditions of community supervision; such issues typically cannot be

raised for the first time on appeal.[1] *See Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999) ("A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable."); *see also* Tex. R. App. P. 33.1(a). Here, appellant did not complain in the trial court about the fines and costs imposed as conditions of community supervision during punishment. Instead, both appellant and the trial court signed the terms of community supervision, which set forth the fines and costs appellant was required to pay in addition to other conditions. *See Donovan v. State*, 508 S.W.3d 351, 355 (Tex. App.—Fort Worth 2014) (signature of appellant and trial court on conditions of community supervision indicate appellant had opportunity to complain about conditions), *aff'd*, No. PD-0474-14, 2015 WL 4040599 (Tex. Crim. App. July 1, 2015) (not designated for publication).

In his reply, appellant argues the preservation requirements of *Speth* do not apply because he is not seeking reversal of the fines and costs imposed as conditions of community supervision, but instead only seeks to have the case remanded to the trial court for an ability-to-pay inquiry. Absent reversal of the fines, however, it is not clear such a hearing would have any utility. *Cf. Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002) ("The law does not require a futile act."). Moreover, such an argument identifies no error in the trial court's judgment for this court to reverse.

Appellant also argues that no preservation of error was required because Code of Criminal Procedure article 42A.301(a) requires that, "[i]n determining the conditions [of community supervision], the judge *shall consider* the extent to

---

[1] An exception exists for conditions the trial court had no authority to impose. *See Gutierrez v. State*, 380 S.W.3d 167, 175–76 (Tex. Crim. App. 2012).

which the conditions impact the defendant's: . . . (2) ability to meet financial obligations[.]" Tex. Code Crim. Proc. Ann. art. 42A.301(a)(2) (emphasis added); *see generally Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993). The court of criminal appeals, however, has explained that a defendant must provide evidence of an inability to pay fines imposed as conditions of community supervision in order to trigger the requirement that the trial court "consider" the defendant's ability to pay: "Before a trial or appellate court can 'consider' a defendant's ability to pay proposed payments, the defendant must provide evidence to support any claim that he is unable to make such payments without undue hardship." *Mathis v. State*, 424 S.W.3d 89, 95 (Tex. Crim. App. 2014). No such evidence was offered or admitted in this case, nor was any argument made to the trial court indicating that appellant did not have the ability to pay the fines in question. We conclude that, under *Mathis*, article 42A.301(a) does not remove the preservation requirement typically associated with challenges to conditions of community supervision.

Finally, appellant also notes that Code of Criminal Procedure article 42.15(a-1) imposes a duty on the trial court to conduct an ability-to-pay inquiry. *See* Tex. Code Crim. Proc. Ann. art. 42.15(a-1). Specifically, article 42.15(a-1) provides that, "during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . . a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." *Id.* By its terms, article 42.15(a-1) concerns fines and costs imposed as part of the sentence. But fines and costs imposed as conditions of community supervision are not part of the sentence: "The Code of Criminal Procedure defines community supervision as involving a *suspension of the sentence*. In other words, community supervision is an arrangement *in lieu* of the

3

sentence, *not as part of* the sentence." *Speth*, 6 S.W.3d at 532 (footnote omitted); *see* Tex. Code Crim. Proc. Ann. art. 42A.053(a)(1). Because appellant's issue 5 challenges only fines and costs imposed as conditions of community supervision, article 42.15(a-1) does not apply to our analysis.

We overrule issue 5 on the grounds that appellant did not preserve error as to this issue. Having overruled appellant's sole remaining issue on remand, we affirm the trial court's judgment as challenged on appeal.


/s/      Charles A. Spain
         Justice


Panel consists of Chief Justice Christopher and Justices Spain and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).