**Vacated and Dismissed and Substitute Opinion filed May 22, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00583-CR

---

## DARON TAYLOR, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1400163**

---

### S U B S T I T U T E   O P I N I O N

We issued an opinion in this case on March 29, 2018. Appellant subsequently filed a motion for rehearing. Without changing the disposition of the case, we withdraw our previous opinion, issue this substitute opinion, and deny the motion for rehearing as moot.

Appellant Daron Taylor was charged with committing capital murder when he was a juvenile. The juvenile court waived jurisdiction and transferred appellant

to the criminal district court, where he was convicted by a jury and sentenced to life in prison. On appeal, appellant argues the criminal court lacked jurisdiction because the juvenile court erred in waiving its jurisdiction. The juvenile court's order stated that because of the seriousness of the offense, the welfare of the community required criminal proceedings, but it made no case-specific findings of fact with respect to the seriousness of the offense. Under recent precedent from the Court of Criminal Appeals, therefore, the juvenile court abused its discretion in waiving jurisdiction. We vacate the judgment of the criminal district court, dismiss the case in that court, and return the case to the juvenile court.

## BACKGROUND

Appellant was accused of committing capital murder when he was sixteen. Because appellant was a juvenile at the time of the offense, the charge against him was originally brought in a juvenile district court. In that court, the State filed a motion to waive jurisdiction and transfer appellant to the criminal district court. Appellant was seventeen when the juvenile court conducted the certification hearing to determine whether to waive jurisdiction. The certification hearing also addressed another murder offense, which is not at issue in this appeal. At the hearing, the juvenile court heard testimony from two police officers who investigated the offenses. The juvenile court also admitted documentary evidence, including a "Court Report Information Summary" containing psychological and psychiatric evaluations of appellant and information on appellant's background.

At the conclusion of the September 2013 hearing, the juvenile court granted the State's motion to waive jurisdiction. The juvenile court's written order follows the language of the juvenile transfer statute closely. In the order, the court finds "that there is probable cause to believe that the child committed the OFFENSE alleged and that because of the seriousness of the OFFENSE, the welfare of the

2

community requires criminal proceeding." *See* Tex. Fam. Code Ann. § 54.02(a)(3) (West 2014). The court states that it considered the following statutory factors:

1. Whether the alleged OFFENSE WAS against person or property, with the greater weight in favor of waiver given to offenses against the person;

2. The sophistication and maturity of the child;

3. The record and previous history of the child; and

4. The prospects of adequate protection of the public and the likelihood of reasonable rehabilitation of the child by use of procedures, services and facilities currently available to the Juvenile Court.

*See id.* § 54.02(f). The court also found that appellant "is of sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional rights heretofore waived . . . , to have aided in the preparation of HIS defense and be responsible for HIS conduct;" that the alleged offense was "against the person of another;" and that the evidence and reports demonstrate that "there is little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of [appellant] by use of procedures, services, and facilities currently available to the Juvenile Court."

Appellant's capital murder case was transferred to criminal district court, where he was convicted by a jury. The trial court sentenced him to life in prison. This appeal followed.

## ANALYSIS

On appeal, appellant raises three issues: (1) the criminal court lacked jurisdiction over appellant because the juvenile court erred in waiving its jurisdiction; (2) the trial court erred by denying appellant a jury instruction on a lesser-included offense; and (3) an automatic life sentence for a juvenile defendant

3

violates the Eighth Amendment's prohibition against cruel and usual punishment.

In his first issue, appellant argues this case is controlled by *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), and that the juvenile court abused its discretion in waiving jurisdiction because the order lacks any specifics or analysis as required by section 54.02(h) of the Texas Family Code. We agree that the juvenile court abused its discretion in waiving its jurisdiction, and that because of the juvenile court's error, the criminal district court never properly acquired jurisdiction. Because appellant's first issue is dispositive of this appeal, we do not reach appellant's second and third issues.[1] *See* Tex. R. App. P. 47.1.

## I.    Waiver of juvenile jurisdiction and standard of review

The juvenile court has exclusive original jurisdiction in all cases involving the delinquent conduct of a person under 17 years of age at the time of the conduct. Tex. Fam. Code Ann. § 51.04(a). Section 54.02 of the Texas Family Code, entitled "Waiver of Jurisdiction and Discretionary Transfer to Criminal Court," provides that the juvenile court may waive its jurisdiction and transfer a child to the criminal district court for criminal proceedings if:

(1)    the child is alleged to have violated a penal law of the grade of felony;

(2)    the child was:

    (A)    14 years of age or older at the time he is alleged to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree, and no adjudication hearing has been

---

[1] To the extent that appellant's third issue could be viewed as offering greater relief (a matter on which we express no opinion), we also do not reach that issue because it was not preserved in the trial court. *See Battle v. State*, 348 S.W.3d 29, 30-31 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

conducted concerning that offense; or

(B)    15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication hearing has been conducted concerning that offense; and

(3)    after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

Tex. Fam. Code Ann. § 54.02(a).

In making this determination, the juvenile court must consider, among other matters, the following factors:

(1)    whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2)    the sophistication and maturity of the child;

(3)    the record and previous history of the child; and

(4)    the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

Tex. Fam. Code Ann. § 54.02(f).

The State has the burden to persuade the juvenile court by a preponderance of the evidence that "the welfare of the community requires transfer of jurisdiction for criminal proceedings, either because of the seriousness of the offense or the background of the child (or both)." *Moon*, 451 S.W.3d at 40-41. The juvenile court must consider all four factors under section 54.02(f), but it need not find that all four

factors favor transfer when exercising its discretion to waive jurisdiction. *Id.* at 41.

If the juvenile court waives its jurisdiction, it is required to "state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court . . . ." Tex. Fam. Code Ann. § 54.02(h). The Court of Criminal Appeals held in *Moon* that section 54.02(h) requires the juvenile court to include its reasons for waiver and specific findings of fact that undergird those reasons in the transfer order:

> In this way the Legislature has required that, in order to justify the broad discretion invested in the juvenile court, that court should take pains to "show its work," as it were, by spreading its deliberative process on the record, thereby providing a sure-footed and definite basis from which an appellate court can determine that its decision was in fact appropriately guided by the statutory criteria, principled, and reasonable . . . .

*Moon*, 451 S.W.3d at 49.

The *Moon* Court also laid out the appropriate standard of review of a juvenile court's transfer order, which has two parts. *Moon*, 451 S.W.3d at 47. First, we review the juvenile court's specific findings of fact under a traditional sufficiency of the evidence review. *Id.* Second, we review the juvenile court's waiver decision for an abuse of discretion. *Id.* We are required to limit our sufficiency review "to the facts that the juvenile court expressly relied upon," as stated in the order. *Id.* at 50. In determining whether the juvenile court abused its discretion, we ask: "[W]as its transfer decision essentially arbitrary, given the evidence upon which it was based, or did it represent a reasonably principled application of the legislative criteria?" *Id.* at 47.

## II.  The juvenile court abused its discretion in waiving jurisdiction.

About one year after the juvenile court transferred appellant's case, the Court

of Criminal Appeals issued *Moon*, which addressed questions concerning the specificity required in the juvenile court's transfer order and the appropriate standard of review that applies to transfer orders. We conclude that *Moon*, which addressed the same statute, controls this case.

In *Moon*, the only reason stated in the juvenile court's order to justify waiver was that the offense charged was a serious one, and the only fact specified was that the alleged offense was against the person of another. *Id.* at 50. The Court concluded that the juvenile court did not "show its work" and "that waiver of juvenile jurisdiction based on this particular reason, fortified by only this fact, constitutes an abuse of discretion." *Id.* The Court also determined that the juvenile court's other conclusory factual findings—regarding the child's maturity and the dim prospect of protection and rehabilitation in the juvenile system—were superfluous. *Id.* at 51. Although those findings would have been relevant to support transfer based on the defendant's background, the juvenile court did not cite the defendant's background as a reason for transfer in the written order. *Id.* 50–51.

The order in this case is almost identical to the order in *Moon*. The juvenile court determined in its order that "there is probable cause to believe that the child committed the OFFENSE alleged and that because of the seriousness of the OFFENSE, the welfare of the community requires criminal proceeding." The only fact found in the order that supports this determination regarding the seriousness of the offense is that the offense was "against the person of another." *Moon* held that waiving juvenile jurisdiction for the sole reason that the offense alleged was serious, and fortified only by this factual finding, was an abuse of discretion. *See id.* at 50; *Guerrero v. State*, 471 S.W.3d 1, 4 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding *Moon* was dispositive where only reason given for waiver was seriousness of offense and only specific fact supporting that reason was that offense was against

the person of another).  As in *Moon*, the other conclusory findings in the order before us are superfluous because they address the propriety of a transfer based on the defendant's background, which the juvenile court did not cite as a reason for transfer. *See Moon*, 451 S.W.3d at 50–51.  We therefore hold that the juvenile court abused its discretion in waiving jurisdiction.

The State points out that the evidence presented at the hearing supports the juvenile court's decision to transfer.  The *Moon* Court rejected the State's argument that the appellate court could look at the record, independent of explicit findings by the juvenile court, to determine whether the seriousness of the offense warranted criminal proceedings.  *See* 451 S.W.3d at 49-50.  We must limit our sufficiency review to the facts that the juvenile court expressly relied upon, as required to be explicitly set out in the juvenile transfer order under section 54.02(h).  *Id.* at 50. "The appellate court should *not* be made to rummage through the record for facts that the juvenile court *might* have found, given the evidence developed at the transfer hearing, but did not include in its written transfer order." *Id.*

The State attempts to distinguish *Moon* by pointing out that at the time of the transfer hearing, the juvenile court was considering two alleged offenses: the capital murder offense and another murder offense.  The order waiving jurisdiction in our record, however, addresses only the alleged capital murder offense.  Moreover, the order does not reference any specific facts regarding the alleged murder offense.  We fail to see how the fact that the juvenile court was considering two offenses would change our application of *Moon* to the transfer order that is the subject of this appeal.

Appellant also argues that the plain language of the juvenile transfer statute does not support certifying juveniles to stand trial as adults based on party liability, and that it would be unconstitutional to subject a child to an automatic life sentence as a party to an offense.  These arguments were not raised in the juvenile court or

8

the criminal district court. We therefore do not address them, *see* Tex. R. App. P. 33.1; *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding challenges to the constitutionality of a statute, whether facial or as-applied, may not be raised for the first time on appeal), though the juvenile court may do so if they are raised on remand.

In appellant's reply brief, he argues that this Court should render a judgment dismissing the case in its entirety because it would violate due process to remand the case to the juvenile court, which would apply a lower transfer standard now that appellant is an adult.[2] In appellant's original brief, however, he asked us to vacate his conviction and remand to the juvenile court for further proceedings. We need not consider arguments raised for the first time in a reply brief. *See* Tex. R. App. P. 38.3; *Morales v. State*, 371 S.W.3d 576, 589 n.15 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *Barrios v. State*, 27 S.W.3d 313, 321–22 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd)).

On rehearing, appellant argues that he simply modified his request for relief in his reply brief, which is permissible because the appropriate relief is a subsidiary question fairly included in his issue challenging the juvenile court's waiver of jurisdiction. We disagree that appellant simply changed the relief sought in his reply brief. Appellant asked this Court to hold that allowing the juvenile court to consider transfer under a more lenient statutory provision would violate his due process rights. This constitutional challenge to a different transfer statute that has not yet been applied to appellant cannot be raised for the first time on appeal, much less in a reply brief. *See Karenev*, 281 S.W.3d at 434. We therefore do not address it,

---

[2] The juvenile court applied the standard in section 54.02(a) combined with the factors in section 54.02(f) when it waived jurisdiction because appellant was a child at the time. *See* Tex. Fam. Code § 51.02(2) (defining "child"). Now that appellant is not a child, appellant contends that the juvenile court would apply section 54.02(j) on remand.

though the juvenile court may do so if it is raised on remand. *See, e.g., In the Matter of J.G.*, 495 S.W.3d 354, 362, 364–69 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (addressing constitutional challenges to application of Tex. Fam. Code § 54.02(j) raised by defendant in juvenile court following vacatur of transfer order under *Moon*).

## CONCLUSION

We conclude that the juvenile court abused its discretion by waiving its jurisdiction and transferring appellant to the criminal district court for criminal proceedings. Because of the juvenile court's error, the criminal district court lacked jurisdiction over appellant's case. We therefore sustain appellant's first issue, vacate the judgment of the criminal district court, dismiss the case in that court, and declare that the case is still pending in the juvenile court. *See* Tex. R. App. P. 43.2(e).


/s/     J. Brett Busby
        Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Publish — TEX. R. APP. P. 47.2(b).