**Motion to Strike Denied, Affirmed, and Memorandum Opinion filed March 21, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00097-CR

---

## ANGEL A. CORTES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 2275273**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Angel A. Cortes of misdemeanor family-violence assault. The trial court assessed appellant's punishment at confinement for one year, plus $2,000 in restitution, along with court courts and fees. The court suspended the

sentence and placed appellant on community supervision for two years. Appellant challenges the trial court's assessment of restitution, costs, and fees. We affirm.[1]

## Background

The underlying facts are not at issue. After a brief trial on January 27, 2022, at which appellant represented himself with stand-by counsel, a jury convicted appellant of misdemeanor family-violence assault. While the jury was deliberating appellant's guilt, appellant informed the court that he wished to waive his right to a jury trial for punishment and instead have the trial judge determine punishment in the event the jury found him guilty. The court acknowledged appellant's waiver and said that they would discuss punishment "as soon as we finish with [the jury]."

The jury returned a guilty verdict. After excusing the jury, the trial judge addressed appellant and the prosecutor regarding punishment: "All right, guys. Here's the deal. I want y'all to talk, discuss what you can agree on, and I'll agree to it. What you don't agree on, I will discuss when I get back from [speaking with] the jury." The proceedings were briefly recessed. When the court returned to the record, the following exchange occurred:

> THE COURT: All right. I'm ordering you to report to the court tomorrow morning at 9:00 o'clock, County Court 11. You'll get with the probation officer. Did you write this stuff down I just told you or I just said or --.
>
> THE CLERK: No, I will need a copy of that, and I'll give it to the CLO.
>
> THE COURT: Okay. You wrote it down, get with the CLO tomorrow and make sure. Those are stipulations. Okay.
>
> [THE STATE]: Yes, sir.

---

[1] We deny the State's amended motion to strike appellant's reply brief.

THE COURT: All right. Okay. Okay. You understand that you are ordered to show up at 9:00 o'clock in the morning.

[APPELLANT]: Yes, sir.

THE COURT: Do not be late, please. Do not be late. Okay?

[APPELLANT] 9:00 o'clock, you said? . . . .

THE COURT: 9:00 o'clock. Do not be late. At the regular courthouse. And you're going to be dealing with the CLO.

[APPELLANT]: So that's Sedrick Walker again?

[APPELLANT'S STAND-BY COUNSEL]: Yes. Court 11.

THE COURT: Okay. Guys, y'all are excused.

The above exchange indicates that the off-the-record discussion included "stipulations" and that appellant was to return to court the following day. The trial court's docket sheet entry for that date contains handwritten notations indicating, "Court for Punish" and "$2000 rest":

Final Docket

County Criminal Court at Law No. 11/ERD

Date: January 27, 2022

| 2275273 | CORTES, ANGEL A |
| Pro Se | Assault - FM |
| Defense Attorney James Reed /stand by | |

The same day, the trial judge signed a judgment stating that a jury found appellant guilty of the Class A misdemeanor offense of assault-family member and that the court assessed punishment at one year's confinement in county jail, along with $2,000 in restitution payable to the victim, $270 in court costs, and $140 in

fees. The judge suspended appellant's sentence, however, and placed him on community supervision for twenty-four months.

The next day, appellant appeared in court pursuant to the court's instructions. The presiding judge signed a document entitled "Conditions of Community Supervision," which confirmed appellant's agreement to the terms of community supervision. Among other conditions, appellant was required to:

- Pay $2,000.00 Restitution at the rate of $118.00 per month beginning 02/28/2022 through HCCSCD.

- Pay . . . court costs at the rate of $50.00 per month beginning 02/28/22 to Harris County through HCCSCD.

This appeal followed.

## Restitution

In his first issue, appellant challenges the part of the judgment assessing $2,000 in restitution. He claims that (1) the pronouncement of sentence did not reference restitution and thus he lacked notice that the court might order restitution, and (2) the amount has no factual support.

Generally, to preserve an issue for appellate review, the complaining party must first raise the issue in the trial court. Tex. R. App. P. 33.1(a). The Court of Criminal Appeals has recently clarified that a challenge to a restitution order—as to either its propriety or factual basis—must be raised in the trial court or else it is forfeited. *See Garcia v. State*, No. PD-0025-21, —S.W.3d—, 2022 WL 610983, at *2-4 (Tex. Crim. App. Mar. 2, 2022) ("Given these [error preservation] considerations, a restitution complaint should be forfeited by a defendant who forgoes the opportunity to address it in the trial court."). Even if the complaint is one of due process based on lack of notice, an objection is still required because "due process challenges can be forfeited by failure to object in the trial court." *Id.* at *2;

4

*e.g.*, *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009). Appellant did not object to the restitution order in the trial court and thus waived his complaints, absent applicability of an exception to the preservation requirement. *See* Tex. R. App. P. 33.1(a).

Relying on *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013), appellant urges that preservation of error requirements do not bar his appellate complaints because he lacked an opportunity to object. In *Burt*, the court held that Burt did not forfeit his complaint about a restitution order because he did not have the opportunity to raise it either during sentencing or in his motion for new trial. *See id.* at 578-79. As the court explained, Burt had no opportunity to object to the restitution order at pronouncement because the trial judge did not orally pronounce it at the sentencing hearing; he only ordered restitution in the written judgment. *Id.* at 578. Further, the court held that Burt lacked an opportunity to raise the issue in a motion for new trial. Because Burt filed his motion for new trial on the same day as the oral pronouncement and before the court signed the judgment, he could not have known to include any restitution issues in his motion for new trial. *Id.* at 578-79. And because the trial court overruled the motion the same day it was filed, he could not have amended his motion to include the restitution issues. *Id.*

Appellant likens the present circumstances to *Burt*, but we conclude it is distinguishable. Indulging for argument's sake appellant's assertion that the trial judge did not order restitution when he orally pronounced appellant's punishment, appellant still had no less than two opportunities to object to the restitution order, unlike the appellant in *Burt*. The first opportunity was the day after judgment when appellant appeared in court on January 28 to sign the conditions of community supervision. As reflected in that document, appellant agreed to pay $2,000 in restitution as part of the conditions of community supervision. Appellant does not

5

complain that he lacked knowledge of the judgment. He thus had the chance to object to the restitution order when he was presented with the written conditions of community supervision and signed them. *See Donovan v. State*, 508 S.W.3d 351, 355 (Tex. App.—Fort Worth 2014) (signature of appellant and trial court on conditions of community supervision indicate appellant had opportunity to complain about conditions), *aff'd*, No. PD-0474-14, 2015 WL 4040599 (Tex. Crim. App. July 1, 2015) (not designated for publication). He asserted no objection at that time.[2]

Second, as *Burt* makes clear, a defendant may properly raise a challenge to a restitution order in a motion for new trial in the event earlier opportunities were unavailable. *See Burt*, 396 S.W.3d at 577 & n.4; *see also Garcia*, 2022 WL 610983, at *3. Appellant did not file a motion for new trial,[3] and he does not contend on appeal that he lacked the opportunity to file one.

In the second part of his first issue, appellant contends that the restitution amount is unsupported by any evidence that the victim incurred $2,000 in losses resulting from the assault. The State has the burden to demonstrate the amount of loss sustained by the victim; the defense has the burden to show the defendant's

---

[2] Appellant does not complain about the imposition of restitution as a condition of his community supervision. Conditions of community supervision that are not objected to generally are affirmatively accepted. *See Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999) ("A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable."). For the first time in his reply brief, appellant suggests that the restitution condition was "invalid" because the trial court did not orally pronounce it. Though we deny the State's amended motion to strike appellant's reply brief, we need not consider arguments raised for the first time in a reply brief and decline to do so now. *See* Tex. R. App. P. 38.3; *Taylor v. State*, 553 S.W.3d 94, 100 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Morales v. State*, 371 S.W.3d 576, 589 n.15 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

[3] *See* Tex. R. App. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date the trial court imposes or suspends sentence in open court."); *see also Burt*, 396 S.W.3d at 577-78 (citing *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992)).

financial resources and needs.  *Garcia*, 2022 WL 610983, at \*2.  Here again, any challenge to the lack of factual support for a restitution order must be advanced in the trial court.  *Id.* at \*4.  Appellant had the opportunity to raise this complaint either on the day after judgment when he appeared in court or in a timely motion for new trial.  He took advantage of neither opportunity.

Failing to object to a restitution order in the trial court when the judge could have timely and efficiently addressed the alleged error results in waiver of the complaint.  *Id.*; *Sinquefield v. State*, Nos. 12-13-00092-CR, 12-13-00093-CR, 2013 WL 5773791, at \*2 (Tex. App.—Tyler Oct. 23, 2013, no pet.) (mem. op., not designated for publication).  Appellant did not preserve the arguments in his first issue, and he has not established that any exceptions of the preservation rule apply.  We overrule his first issue.

## Fees and Costs

In his second issue, appellant argues that the trial court violated Code of Criminal Procedure article 42.15(a-1) by imposing court costs and fees on appellant without holding an ability-to-pay inquiry on the record.  Appellant did not object on this ground in the trial court, and he does not contend that he lacked the opportunity to do so.

In his reply brief, appellant acknowledges that he "made no complaint in the trial court regarding the lack of an ability-to-pay inquiry," but he contends nonetheless that article 42.15(a-1) "constructs an 'absolute requirement' that judges must follow" and, as such, is not a forfeitable right.  *E.g.*, *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993).  Appellant did not make any assertions in his opening brief regarding the nature of the rights created by article 42.15, and we will not consider such an argument when it is raised for the first time only in reply.  *See* Tex. R. App. P. 38.3; *Taylor*, 553 S.W.3d at 100; *Morales*, 371 S.W.3d at 589 n.15.

7

Thus, like his first issue, this complaint has been waived. *See* Tex. R. App. P. 33.1(a).

We overrule appellant's second issue.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

/s/    Kevin Jewell
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b).